Slip Op. 01-86

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
                                        :
SKF USA INC. and SKF GmbH; FAG          :
KUGELFISCHER GEORG SCHAFER AG           :
and FAG BEARINGS CORPORATION,           :
                                        :
         Plaintiffs and Defendant-      :
         Intervenors,                   :
                                        :   Consol. Court No.
     v.                                 :   97-01-00054-S
                                        :
UNITED STATES,                          :
                                        :
         Defendant,                     :
                                        :
     and                                :
                                        :
THE TORRINGTON COMPANY,                 :
                                        :
         Defendant-Intervenor and       :
         Plaintiff,                     :
                                        :
     and                                :
                                        :
NTN BEARING CORPORATION OF AMERICA and  :
NTN KUGELLAGERFABRIK (DEUTSCHLAND)      :
GmbH; SNR ROULEMENTS,                   :
                                        :
         Defendant-Intervenors.         :
_____:

## ORDER

This matter comes before the court pursuant to the decision (May 25, 2001) of the Court of Appeals for the Federal Circuit ("CAFC") in SKF USA Inc. v. United States, No. 00-1305, 2001 WL 567509 (Fed. Cir. May 25, 2001) reversing the judgment of this court in SKF USA Inc. v. United States("SKF"), 23 CIT ___, 77 F. Supp. 2d 1335 (1999).

In SKF, this Court decided several issues, only one of which was on appeal to the CAFC. The issue was whether Commerce properly

included the loss from the sale of a Korean facility belonging to FAG Kugelfischer Georg Schafer AG and FAG Bearings Corporation (collectively "FAG") in FAG's general and administrative ("G&A") expenses, even though the facility was not involved in the production of the subject merchandise. See SKF, 23 CIT at ___, 77 F. Supp. 2d at 1345. At the administrative level, Commerce had determined that the loss from the sale of the Korean facility should be included in G&A expenses. See Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Singapore, Sweden, and the United Kingdom; Final Results of Antidumping Duty Administrative Reviews and Partial Termination of Administrative Reviews ("Final Results"), 61 Fed. Reg. 66,472, 66,497 (Dec. 17, 1996). In its brief to the Court, Commerce changed its position and agreed with FAG that the loss should not be included in G&A expenses. See SKF, 23 CIT at ___ n.3, 77 F. Supp. 2d at 1345 n.3; Def.'s Partial Opp'n to Pls.' Mots. J. Agency R. at 35-36. This Court held that Commerce's administrative determination was reasonable and affirmed it. See id. at ___, 77 F. Supp. 2d at 1346.

Without reaching the merits of Commerce's determination, the CAFC held that this Court erred in declining to remand the case to Commerce for reconsideration. See SKF USA Inc., 2001 WL 567509, at *3. The CAFC reversed the judgment of this Court and remanded with instructions to remand to Commerce for reconsideration. Accordingly, it is hereby

**ORDERED** that this case is remanded to Commerce. Commerce is instructed to reconsider its calculation of G&A expenses; and it is further

**ORDERED** that the remand results are due within ninety (90) days of the date that this opinion is entered. Any responses or comments are due within thirty (30) days thereafter. Any rebuttal comments are due within fifteen (15) days after the date the responses or comments are due.

_____
NICHOLAS TSOUCALAS
SENIOR JUDGE

Dated:     July 16, 2001
           New York, New York